**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHICAGO INSURANCE COMPANY,**

        **Plaintiff,**

-vs-                                      **Case No. 6:06-cv-658-Orl-28JGG**

**LARRY M. LAMMERS, DONNETTA SNAPP, SHELLY PFOST, SHAWNA MILES, KIMBERLY GAYHEART, ARTHUR J. GAYHEART, JESSIE OSBORNE, SUZANNE OSBOURNE, PATRICIA GIRDLER,**

        **Defendants.**

_____

**ORDER**

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF CLERK'S DEFAULT (Doc. No. 8)** |
| **FILED:** | **June 22, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

I. **INTRODUCTION**

Plaintiff has filed motion for clerk's default against defendant Larry M. Lammers. Docket 8. Lammers purportedly was served by delivering a copy of the summons and complaint to an adult living at Lammers' residence in Ida, Michigan. Docket 4. This method of service is recognized as acceptable by Fed. R. Civ. P. 4(e)(2).

Plaintiff, however, has not established that this Court has jurisdiction over the subject matter or Lammers. Plaintiff alleges federal jurisdiction based on diversity of citizenship pursuant to 28

...
...

U.S.C. § 1332. Docket 1 at ¶ 2. For diversity purposes, "citizenship" means domicile – the place of the person's "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). Mere residence in a State is insufficient to prove domicile. *Id*. Further, a person's domicile is determined at the time suit is filed. *See, Keishian v. Buckley*, 752 F.2d 1513, 1514 (11th Cir. 1984). The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction. *Mas*, 489 F.2d at 1399.

The Complaint alleges personal jurisdiction exists because Lammers was a Florida resident at all times material to the insurance policy, which provided coverage from May 16, 2003 to May 16, 2005. Docket 1 at ¶¶ 5, 29. This allegation is contradicted by other allegations in the complaint, including: 1.) Lammers began employment with the "Accident Clinic" located in Kentucky in September 2001 [Docket 1 at ¶ 19], and that claims under the policy were made related to Lammers' work at the Accident Clinic for the time periods of March 2002 to April 2005 [See Docket 1 at ¶¶ 32, 38, 44, 47]; 2.) Lammers allegedly was incarcerated in Monroe County, Michigan from March 2004 to April 2005 [Docket 1-4 at 9-13]; and 3.) Lammers has lived in Ida, Michigan since December 13, 2005, and was previously incarcerated in Kentucky [Docket 1-1 at ¶ 25; Docket 1-3 at 2].

Plaintiff's complaint falls short of establishing that Lammers was a citizen of Florida at the time this action was commenced on May 15, 2006. Lammers was not a resident in Florida at the time the action was filed, and is appears that Florida is not his domicile. The Court, therefore, denies without prejudice the motion for entry of clerk's default against Lammers.

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE